```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                    COLUMBUS DIVISION
```

WARREN MARCUS DAVIS,            \*

    Plaintiff,              \*

vs.                             \*

                                 CASE NO. 4:12-CV-105

WAYNE T. JORDAN,                \*

    Defendant.              \*

O R D E R

Plaintiff Warren Marcus Davis originally filed this action in Florida state court asserting contract and tort claims. Notice of Removal Attach. 2, Compl. ¶¶ 4-8, ECF No. 1-2. He now seeks to litigate these claims in federal court based upon the Court's federal question jurisdiction and has filed a "Motion to Transfer," which the Court construes as a notice of removal. Notice of Removal, ECF No. 1; Notice of Removal Attach. 1, Civil Cover Sheet Box II, ECF No. 1-1.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* or the *defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). The Court is unaware of any provision that would permit a *plaintiff* such as Mr. Davis to

remove to federal court the same exact action that he has filed in state court, particularly in light of the narrow construction to be given to the removal statutes. *See Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) (per curiam); *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Accordingly, the Plaintiff's attempted removal of this action to this Court is ineffective, and the Clerk is directed to remand the action to the Circuit Court, Fourth Judicial Circuit, Duval County, Florida.

IT IS SO ORDERED, this 5th day of June, 2012.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE